

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

CHARLIE S. BEARD, JR.
_____
Plaintiff

vs.                                                                                           Case Number  2014 CA 001668 B

KOBIE SEALS
_____
Defendant

## SUMMONS

To the above named Defendant:

   You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

   You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Bernard C. Coleman, Jr.
_____                                     Clerk of the Court
Name of Plaintiff's Attorney

6444 Dock Road                                                                   By _____
Address                                                                                              Deputy Clerk
Oxon Hill, Maryland 20745

301-567-1920                                                                       Date _____
Telephone
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

   IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                          CASUM.doc

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| CHARLIE S. BEARD, JR.<br>1414 Dilston Road<br>Silver Spring, Maryland 20903 | *<br>*<br>* |
| Plaintiff, | * Case No. |
| v. | * |
| KOBIE SEALS<br>2816 Emil Court<br>Woodbridge, Virginia 22193 | *<br>*<br>* |
| MICHAEL BARNES, SR.<br>726 Virginia Avenue<br>Hagerstown, Maryland 21740 | *<br>*<br>* |
| Defendants. | * |
| JOINTLY & SEVERALLY | * |

RECEIVED
Civil Clerk's Office
MAR 19 2014
Superior Court of the
District of Columbia
Washington, D.C.

14-0... ...

## COMPLAINT FOR DEFAMATION

COMES NOW the Plaintiff, Charlie S. Beard, Jr., by and through his attorney, Bernard C. Coleman, Jr., and for this cause states as follows:

1. That jurisdiction of this Court is founded on D.C. Code (2001 edition), Section 12-301(4) and Section 13-423(3).

2. That plaintiff, Charlie S. Beard, Jr., is a citizen of the United States of America, resident of the State of Maryland, residing at 1414 Dilston Road, Silver Spring, Maryland 20903.

3. That the defendant, Kobie Seals, is a citizen of the United States of America, resident of the Commonwealth of Virginia and residing at 2816 Emil Court, Woodbridge, Virginia 22193.

4. That the defendant, Michael E. Barnes, Sr., is a citizen of the United States, State of Maryland, residing at 726 Virginia Avenue, Hagerstown, Maryland 21740.

5. That all parties to this action are employees of the Government Printing Office, located at 732 North Capitol Street, N.W., Washington, D.C. 20401.

6. That on August 26, 2012 the plaintiff was promoted to the position of sergeant and assigned to the midnight shift at GPO, 732 North Capitol Street, N.W., Washington, D.C.

7. That plaintiff was the direct supervisor of Officer Kobie Seals and had to counsel Kobie Seals for failing to be on his assigned post and being suspected of being asleep in vacant offices while on duty.

8. That on March 25, 2013, between the hours of 0430 and 0500 Officer Kobie Seals allegedly came to my office to obtain the master keys to the gun room and told Lt. Gregory Bennett that I was asleep at my desk.

9. That on March 25, 2013, defendant Seals stated that he went to the break room and got officer Michael Barnes to

2

accompany him to the plaintiff's office to serve as a corroborating witness that the plaintiff was asleep at his desk.

10. That in a written statement from Kobie D. Seals, dated Thursday, March 28, 2013 at 2:02 a.m., to Lt. Gregory P. Bennett, Seals wrote: "On March 25, 2013, at approximately 0440, I Officer Seals went to the Sgt's office to retrieve the master's key to the gun locker. I went to the Sgt.'s door and I saw Sgt. Beard with his arms dangling, head tilted all the way back, his mouth was open, and his eyes were closed. I then went to the officer's break room and asked officer Barnes to look into the Sgt.'s office and tell me what he saw. Officer Barnes replied to me that Sgt. Beard was sleep. I then reported the incident to the Cpl. Gordon. Later on that day, I reported the incident to Lt. Bennett."

11. That in a second written report, the defendant Barnes wrote on Wednesday, March 27, 2013 at 9:24 p.m. in an email to Lt. Gregory P. Bennett: "Sir, per our conversation via the telephone this evening; here is my statement. On the 25th of March, 2013 at approximately 0430-0500 Officer Seals saw me exiting the men's restroom and the break area. He stated "he needed me to be a witness to something in the SGT's office. When I walked

3

into the office I saw SGT Beard asleep at this computer. I told officer Seals what I saw and I returned back to duty with Cpl. Gordon in the control room. Sir this is the only information I have at this time on the matter.

12. That on May 24, 2013 plaintiff was reduced to the rank of police officer.

13. That as a result of the false and defamatory statements by the defendants, plaintiff has suffered financially and emotionally.

14. That plaintiff's salary was reduced from $86,793.00 to $74,444.00.

15. That defendants knew or should have known its statement concerning plaintiff was false, made without reasonable grounds for belief in its truth, and without reasonably adequate investigation. The defendants published the statement maliciously with knowledge of it falsity or with reckless disregard for the truth.

16. That the defendants false statement injured plaintiff's reputation among his coworkers, caused severe emotional distress, humiliation, mental anguish and embarrassment, and caused damages in the form of lost income.

17. That as a direct and proximate result of the above-mentioned facts and circumstances, plaintiff has been greatly injured to damages of lost income of $ 433,965.00.

WHEREFORE, plaintiff requests judgment against defendants for:

A. General damages in the amount of $ 433,965.00.

B. Special damages for pecuniary loss in the amount of $ 100,000.00.

C. Punitive damages in the amount of $ 1,301,895.00 according to proof in such amount as will sufficiently punish defendants for defendants' willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future;

D. Cost of suit and attorney fees; and

E. Such other and further relief as this Court may deem just and proper.

The Law Offices of Bernard C. Coleman, Jr.

By: *Bernard C. Coleman*
Bernard C. Coleman, Jr.
DC Bar No. 437011
6444 Bock Road
Oxon Hill, Maryland 20745
301 567 1920

Attorney for Plaintiff

**PRAYER FOR JURY TRIAL**

The plaintiff prays for a trial by jury in the above-entitled cause.

_____
Bernard C. Coleman, Jr.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

CHARLIE S. BEARD JR
Vs.
KOBIE SEALS et al

C.A. No.    2014 CA 001668 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge NEAL E KRAVITZ
Date:  March 19, 2014
Initial Conference: 9:30 am, Friday, June 20, 2014
Location:  Courtroom 219
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc