UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**FILED**

DEC 2 - 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| CHARLIE S. BEARD, JR.,<br><br>Plaintiff,<br><br>v.<br><br>KOBIE SEALS,<br><br>MICHAEL BARNES,<br><br>Defendants. | Civil No. 14-1035 (RCL) |

## **MEMORANDUM OPINION**

Before the court is defendant's Motion to Dismiss [ECF No. 7] for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff alleges in his complaint that defendants made false and defamatory statements which caused plaintiff to suffer economic and emotional harm. For the reasons stated below, defendants' Motion to Dismiss is GRANTED.

**I.     BACKGROUND**

Charlie S. Beard, Jr., plaintiff, Kobie Seals, defendant, and Michael Barnes, defendant, are employees of the Government Printing Office ("GPO"). Compl. ¶ 5. Plaintiff was promoted to the position of sergeant and assigned to the midnight shift, in which he worked as defendants' direct supervisor. *Id.* at ¶¶ 6-7. Plaintiff had to reprimand defendant Seals for failing to be at his assigned post and because plaintiff suspected defendant Seals was sleeping in vacant offices while on duty. *Id.* at ¶ 7. On March 25, 2013, defendant Seals allegedly went to plaintiff's office and saw him sleeping at his computer. *Id.* at ¶ 8. Seals then spoke to defendant Barnes and asked him to witness that plaintiff was sleeping at his desk. *Id.* at ¶ 9. Seals sent a written

communication to Lt. Gregory P. Bennett dated March 28, 2013. *Id.* at ¶ 10. This letter stated that Seals and Barnes allegedly saw plaintiff asleep at his desk, and that Seals had reported this to both Cpl. Gordon and Lt. Bennett. *Id.* In a second written report, defendant Barnes wrote an email to Lt. Bennett on March 27, 2013, explaining that he had acted as a witness for Seals to corroborate that the plaintiff was asleep at his desk. *Id.* at ¶ 11.

On May 24, 2013, plaintiff was demoted to the rank of police officer, which was accompanied by a salary decrease. *Id.* at ¶¶ 12, 14. Plaintiff filed this suit with the Superior Court of the District of Columbia. The United States Attorney's Office removed this case to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. This suit alleges that the statements made by defendants were false and defamatory, and that plaintiff has suffered "financially and emotionally" as a result of these statements. *Id.* at ¶ 13.

## II. LEGAL STANDARD

Because the plaintiff's claim sounds in tort, this Court addresses the complaint as attempting to state a claim pursuant to the Federal Tort Claims Act ("FTCA"). Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Because the doctrine of sovereign immunity shields the federal government from suit absent waiver, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), and that doctrine is jurisdictional in nature, *id.*, "the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

### A. FTCA Requirements

A party suing the federal government must show that the government has "unequivocally expressed" its waiver of sovereign immunity. *United States v. King*, 395 U.S. 1, 4 (1969). "The

FTCA represents a limited waiver of the government's sovereign immunity." *Tri-State Hospital Supply Corp. v. U.S.*, 341 F.3d 571, 575 (2003) (citing *United States v. Orleans*, 425 U.S. 807, 813 (1976)). The FTCA confers jurisdiction to the district courts over "civil actions on claims against the United States, . . . for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). In order to initiate an action against the United States for money damages, the plaintiff shall first "[present] the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Failure to first present the claim to the proper agency constitutes a failure to exhaust administrative remedies and may result in dismissal of the claim for lack of subject matter jurisdiction.

### B. Scope of Employment

As explained above, the FTCA applies to civil actions against the United States caused by actions or omissions of governmental employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). This Circuit looks to the Restatement (Second) of Agency (1958) ("Restatement") for "determining whether an employee acted within the scope of employment." *Majono v. United States*, 469 F.3d 138, 141 (D.C. Cir. 2006); *see also Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006). The Restatement provides that the "[c]onduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master."

Restatement § 228(1). "Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Restatement § 228(2).

### III.  DISCUSSION

Plaintiff's only argument against defendants' Motion to Dismiss is that the defendants were not acting within the scope of their employment, such that the FTCA does not apply. *See* Pl.'s Opposition 6-8. Plaintiff acknowledges that the Attorney General's certification that the defendants were employees of the Government and were acting within the scope of their employment with the GPO at the time of the allegations in the complaint provides "prima facie evidence that the employee[s] [were] acting within the scope of [their] employment." Pl.'s Opposition 4 (citing *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006)). Plaintiff also acknowledges that he has the burden "[come] forward with specific facts rebutting the certification." *Ballenger*, 444 F.3d at 662.

Plaintiff addresses only the first and third criteria of the Restatement standard for determining whether conduct was within the scope of defendants' employment. Pl.'s Opposition 6. Plaintiff states that making false statements and behaving dishonestly is not the type of conduct that defendants were employed to perform. *Id.* at 6-7. Similarly, plaintiff states that defendants were not "serving the master when they lied and made false statements concerning the plaintiff." *Id.* at 8.

This Court concludes that plaintiff is applying a flawed understanding of the Restatement's scope of employment inquiry for application of the FTCA. Plaintiff incorrectly asks this Court to decide the merits of the action by determining first that the defendants' statements were false before determining whether this Court has jurisdiction to hear the action.

To determine whether defendants' actions were within the scope of their employment, the focus must be on "the type of act that allegedly gave rise to the tort, not the wrongful character of the act." *Jacobs v. Vrobel*, 724 F.3d 217, 221-222 (D.C. Cir. 2013). In this regard, the appropriate question becomes whether reporting to a supervisor that a co-worker was sleeping while on duty is within the scope of defendants' employment. Reports concerning the performance of a co-worker are certainly within defendants' scope of employment.

Because the defendants were acting within the scope of their employment with the GPO, the FTCA applies to this action. Plaintiff does not assert in his complaint or in his opposition to defendants' motion that he first submitted a claim for defamation or slander to the agency as the FTCA requires. Therefore, plaintiff has failed to exhaust his administrative remedies. For this reason, defendants' Motion to Dismiss for lack of subject matter jurisdiction is GRANTED.

## IV.   CONCLUSION

Plaintiff's defamation claim argues that the FTCA does not apply because defendants were not acting within the scope of their employment, and therefore plaintiff was not required to first file a claim with the appropriate federal agency. This Court has determined, however, that defendants were acting within the scope of their employment by reporting the performance of their co-worker while on duty. Thus, the FTCA applies and the defendants' Motion to Dismiss is GRANTED because plaintiff did not exhaust his administrative remedies.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on December 1, 2014.